IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | JURY TRIAL DEMAND |
| DuneCraft, Inc. | ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and participation in protected activity and to provide appropriate relief to Kevin Marken.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.   This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c), 217.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

3.   More than sixty days prior to the institution of this lawsuit, Charging Party Kevin Marken filed a charge with the Equal Employment Opportunity Commission alleging violations of the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

4.    Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5.    At all relevant times, Defendant, DuneCraft, Inc. (the "Employer"), has continuously been incorporated in the State of Ohio doing business in the State of Ohio and the Cities of Cleveland and Chagrin Falls, and has continuously had at least 20 employees.

6.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

7.    Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

### COUNT I
(Hostile Work Environment Because of Age)

8.    The EEOC herein incorporates the allegations contained in all preceding paragraphs.

9.    Beginning on approximately May 1, 2009 and culminating on October 5, 2012, Defendant Employer engaged in unlawful employment practices at its Cleveland, Ohio facility, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). These unlawful employment practices included, but were not limited to, the following:

A. Defendant Employer has subjected Charging Party Marken to severe or pervasive age-based harassment, and created and maintained a hostile work environment, because of Marken's age, ranging from ages 49 to 51 during the relevant time period.

B. Beginning in May 2009 and continuing until October 2012, CEO and Owner of Defendant Employer, Grant Cleveland, repeatedly and openly ridiculed Charging Party Marken with age-based comments, such as "you're just old and slow."

C.  On an approximately weekly basis, CEO and Owner Cleveland mocked the pace at which Charging Party Marken worked, often mentioning his age as a factor, in front of Marken's co-workers.

D. At various times throughout Charging Party Marken's employment, CEO and Owner Cleveland referred to Marken as "the old man" in staff meetings and other settings within the open confines of the workplace.

E. CEO and Owner Cleveland confided in at least two other employees that he would decline to pay Charging Party Marken as much as similarly situated employees "because he wanted [Marken] to quit because he was an old man." Marken became aware of these statements.

F. CEO and Owner Cleveland stated that he would never hire someone of Charging Party Marken's age because, according to Cleveland, such individuals are "too hard to mold."

G. On several occasions, Charging Party Marken made clear to Cleveland that the ridicule and name-calling was inappropriate and asked that it end, but the harassment persisted.

H. The age-based harassment to which Charging Party Marken was subjected culminated in Marken's termination from employment with Defendant Employer, in October 2012.

10.   The effect of the practices complained of in paragraph(s) 9(A)-(H) above has been to deprive Kevin Marken of equal employment opportunities and to otherwise adversely affect his status as an employee, because of his age.

11.   The unlawful employment practices complained of in paragraphs 9(A)-(H) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

COUNT II
(ADEA Retaliation)

12.   The EEOC herein incorporates the allegations contained in all preceding paragraphs.

13.   On or around October 4, 2012, Defendant Employer engaged in unlawful employment practices at its Cleveland, Ohio facility, in violation of Section 4(d) of the ADEA, 29 U.S.C. § 623(d). These unlawful employment practices included, but were not limited to, the following:

A. On several occasions, including but not limited to in May 2012 and June 2012, Charging Party Kevin Marken participated in statutorily protected opposition activity when he stated to Defendant Employer that the age-based harassment to which he was subjected was unwelcome, detrimental to his work performance, and taking a toll on his happiness at work.

B. Defendant Employer, acting through CEO and Owner Grant Cleveland, continued with the harassment.

C. On October 4, 2012, Defendant Employer terminated the employment of Charging Party Marken in retaliation for his complaints of age-based harassment.

14.   The effect of the practices complained of in paragraph(s) 13(A)-(C) above has been to deprive Kevin Marken of equal employment opportunities and to otherwise adversely affect his status as an employee, because he participated in protected activities under the ADEA.

15.   The unlawful employment practices complained of in paragraphs 13(A)-(C) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

COUNT III
(Disparate Treatment Based on Age Resulting in Termination)

16.   The EEOC herein incorporates the allegations contained in all preceding paragraphs.

17.   On or around October 4, 2012, Defendant Employer engaged in unlawful employment practices at its Cleveland, Ohio facility, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), when it terminated Charging Party Kevin Marken's employment on the basis of his age. In particular:

A. Defendant Employer characterized Charging Party Marken as "untrainable."

B. In statements to other employees CEO and Owner of Defendant Employer, Grant Cleveland, stated that he wanted Charging Party Marken to quit because he was an old man.

C. CEO and Owner Cleveland directed another employee not to interview applicants for employment unless they were within the age range of 21 to 27.

D. CEO and Owner Cleveland stated to another employee that he would never hire someone of Charging Party's age again because, according to Cleveland, such individuals were too hard to mold.

18.   The effect of the practices complained of in paragraph(s) 17(A)-(D) above has been to deprive Kevin Marken of equal employment opportunities and to otherwise adversely affect his status as an employee, because of his age.

19.   The unlawful employment practices complained of in paragraphs 17(A)-(D) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in unlawful harassment based on age.

B.   Grant a permanent injunction enjoining Defendant employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in unlawful retaliation based on participation in statutorily protected opposition activity.

C.   Grant a permanent injunction enjoining Defendant employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in unlawful termination and other adverse treatment against employees on the basis of age.

D.    Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

E.    Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Charging Party Kevin Marken.

F.    Order Defendant Employer to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement or front pay of Charging Party Kevin Marken.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully submitted,

P. DAVID LOPEZ
General Counsel


JAMES L. LEE
Deputy General Counsel


GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

/s/ Maria L. Morocco_____
MARIA LUISA MOROCCO
Supervisory Trial Attorney

/s/_ Philip M. Kovnat_____
PHILIP M. KOVNAT
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Penthouse Suite 1300
Philadelphia, Pennsylvania  19107
(215) 440-2814
philip.kovnat@eeoc.gov